UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20242-CR-UNGARO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MEGHANA RAJADHYAKSHA,

        Defendant.

_____/

**UNOPPOSED MOTION FOR PRELIMINARY ORDER OF FORFEITURE AND
MEMORANDUM OF LAW IN SUPPORT THEREOF**

The United States of America, by and through the undersigned, Assistant United States Attorney, hereby moves for entry of a preliminary order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853. The United States provides the following factual and legal basis:

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

1. On April 30, 2019, the United States filed a Four-Count information against MEGHANA RAJADHYAKSHA ("Defendant") charging her with mail fraud and sale of stolen goods, in violation of 18 U.S.C. §§ 1341 and 2315. Information, ECF No. 13.

2. The Information further alleged that, upon a conviction of a violation of 18 U.S.C. § 1341 or 2315, as alleged in Counts One through Four of the Information, the Government would seek to forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to said violations and any property traceable to such property. *Id.* at Page 5.

1

3.     On May 31, 2019, Defendant pled guilty to violations of 18 U.S.C. § 1341 and 2315, as alleged in Counts One through Four of the Information, and agreed to forfeit all of her right title and interest in the following (collectively, "Subject Property"):

- a. Balenciaga Leather Papier Large Tote with expandable side;
- b. Balenciaga Leather Papier Large Tote with expandable side;
- c. Balenciaga Medium Leather Tote;
- d. Bottega Veneta Large Metallic Woven Nappa Hobo;
- e. Bottaga Veneta Knot Clutch Soft Nappa Leather with Twist;
- f. Bottaga Veneta Premium Nappa Leather w/Checkered Strap;
- g. Celine Leather Tote;
- h. Celine Leather Satchel;
- i. Chloe Leather Faye Small Shoulder Bag;
- j. Chloe Leather Nile Small Bracelet Bag;
- k. Chloe Made in Spain Faye Small Shoulder;
- l. Dolce & Gabbana Doce Box Bag in Nappa Leather;
- m. Dolce & Gabbana Welcome Bag with Painted Flowers;
- n. Dolce & Gabbana Logo Stamp Weekender;
- o. Fendi Tote;
- p. Fendi Kan I Pearl Chain Strap;
- q. Fendi Kan I Whipstitch Chain Strap;
- r. Fendi Tote;
- s. Fendi Convertible Crossbody Clutch with chain;

t. Fendi Convertible Crossbody Clutch;

u. Fendi Mini Zaino Backpack;

v. Fendi Leather Crossbody;

w. Fendi Kan I Small Rafia Zucca Crossbody;

x. Fendi Leather Crossbody;

y. Fendi Kan I Shoulder;

z. Fendi Leather Crossbody;

aa. Fendi Kan I Calf Liberty Threading Ribbon Mix Color;

bb. Fendi Runaway Bag;

cc. Fendi Shoulder bag/Wallet on a chain;

dd. Fendi Kan I Liberty Crossbody;

ee. Givenchy Leather Medium Roy Bag;

ff. Givenchy Leather Medium Sway Bag;

gg. Givenchy Small Antigona in Grained Leather;

hh. Givenchy Leather Medium Sway Bag;

ii. Givenchy Small Antigona;

jj. Gucci Marmont small top handle;

kk. Gucci Small Marmont Shoulder Bag;

ll. Gucci Interlocking Leather with Chain;

mm. Gucci Logo Pattern Backpack;

nn. Gucci Backpack;

oo. Gucci Leather Padlock;

3

      pp.      Saint Lauren Leather Medium Canvas Sac De Jour;

      qq.      Saint Laurent Classic Baby Sac;

      rr.      Saint Laurent Sac De Jour Baby in Grained Leather;

      ss.      Saint Laurent Leather Satchel;

      tt.      Saint Laurent Sac De Jour Small in Crocodile Suede;

      uu.      Saint Laurent Leather Medium Sac De Jour Tote;

      vv.      Saint Laurent Leather Sac De Jour Small Carryall;

      ww.      Saint Laurent Small Sac De Jour Embossed Calf Skin;

      xx.      Valentino Candystud Crossbody chain bag;

      yy.      Valentino Leather Medium Candystud Shoulder;

      zz.      Valentino Leather Candystud Cross Body;

      aaa.      Valentino Small Rockstud Metallic Polymer Spike Chain;

      bbb.      Valentino Rockstud Leather Chain Bag;

      ccc.      Valentino Medium Rockstud Spike Chain Metallic;

      ddd.      Valentino Rockstud Spike velvet shoulder bag;

      eee.      Valentino Leather Backpack;

      fff.      Valentino Large Leather Rockstud; and

      ggg.      Valentine Small Quilted Leather.

Plea Agreement, ECF No. 22 at ¶ 1, Page 1, ¶¶ 8-9 Page 4-7.

4.      Defendant further agreed to the entry of a forfeiture money judgment in the amount of $10,806.25. *Id.* at Paragraph ¶ 12, Page 7-8.

5.      According to the Defendant's Factual Proffer, from in or around November 2017

through in or around March 2018, the Defendant ordered 69 luxury handbags on T.J. Maxx's e-commerce website, www.tjmaxx.com.  Factual Proffer, ECF No.20, at Page 1.  When Defendant received the handbags, she removed the T.J. Maxx tags and affixed them to other non-luxury handbags not sold under the T.J. Maxx order numbers.  *Id.* at Page 2.  The Defendant then returned the non-luxury handbags to T.J. Maxx, and T.J. Maxx issued the Defendant refunds.  *Id.*

6. On April 9, 2019, law enforcement seized 59 of the 69 luxury handbags from the Defendant's residence.  *Id.* at Page 3.  The Defendant sold the remaining 10 handbags through an online consignment company and earned $10,806.25 in commission for these sales.  *Id.*

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 981(a)(1)(C), which is made criminally applicable by 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to mail fraud violations of 18 U.S.C. § 1341 is subject to forfeiture.  *See* 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c).  If a defendant is convicted of such a violation, the Court "shall order the forfeiture of the property as part of the sentence."  *See* 28 U.S.C. § 2461(c).  As part of the defendant's sentence, criminal forfeiture is governed by the preponderance standard.  *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003).  *See also Libretti v. United States*, 516 U.S. 29, 38-39 (1995) (holding that forfeiture is an "element of the sentence").

Upon finding that property is subject to forfeiture, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.   The court must enter the order without regard to any third party's interest in the property.   Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A). *See also United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). Upon finding that property is subject to forfeiture, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.

Fed. R. Crim. P. 32.2(b)(2)(A).

## III. DISCUSSION

Based on the Defendant's guilty plea, the contents of her factual proffer, and her consent to forfeiture of the property, the Court should find that the requisite nexus has been met between the Subject Property and the requested forfeiture money judgment and the offenses to which the Defendant has pled guilty.

In accordance with Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the proposed preliminary order of forfeiture provides for the forfeiture of the Subject Property to the United States; for the entry of a forfeiture money judgment in the amount of $10,806.25; for the inclusion of the order of forfeiture as part of the defendant's judgment and sentence and judgment in this cause; provides for discovery, by the United States, if necessary in order to locate the Subject Property or to expedite ancillary proceedings for the adjudication of third party petitions, and for the final forfeiture of the Subject Property, if no petitions are filed.

As required by Rule 32.2(b)(4)(B), the United States further requests that the Court include

the forfeiture when orally announcing the sentence, and include the forfeiture order in the judgment. *See United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000) and Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

## CONCLUSION

Accordingly, based upon the foregoing, and other matters of record in these proceedings, the United States respectfully requests the entry of the attached proposed preliminary order of forfeiture forfeiting to the United States the Subject Property, entering a forfeiture money judgment, and providing for further proceedings as may be necessary to effect entry of a final order of forfeiture in accordance with Fed. R. Crim. P. 32.2(c)(2) and the applicable provisions of 21 U.S.C. § 853.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:  */s/ Nicole Grosnoff*
Nicole Grosnoff
Assistant United States Attorney
Court ID No. A5502029
nicole.s.grosnoff@usdoj.gov
U.S. Attorney's Office
99 Northeast Fourth Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9294
Facsimile: (305) 536-4089

## LOCAL RULE 88.9 CERTIFICATION

The undersigned counsel hereby certifies that on June 24, 2019, at approximately 4:16 pm and July 5, 2019 at approximately 4:03 pm, counsel for the United States contacted, via e-mail, defense counsel, regarding the United States' Motion for Preliminary Order of Forfeiture, and on July 5, 2019, defense counsel informed the undersigned via the telephone that he had no objection to the motion. .

*s/ Nicole Grosnoff*
Nicole Grosnoff
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 8, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.

*/s/ Nicole Grosnoff*
Nicole Grosnoff
Assistant United States Attorney